```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

ABRAHAM BARAJAS,                )
                                )
            Plaintiff,          )
                                )
     v.                         )    No. 13 C 837
                                )
VILLAGE OF CARPENTERSVILLE,     )
et al.,                         )
                                )
            Defendants.         )

## MEMORANDUM ORDER

Defense counsel in this 42 U.S.C. §1983 ("Section 1983") action have filed a motion to dismiss the Complaint brought by Abraham Barajas ("Barajas") against the Village of Carpentersville and four of its police officers. That effort to invoke Fed. R. Civ. P. ("Rule") 12(b)(6), rather than just answering the Complaint and then going about the business of discovery in this plainly viable lawsuit,[1] reflects not only a waste of resources and of the clients' money but also an overreading of the <u>Twombly</u>-<u>Iqbal</u> canon as somehow having converted the federal concept of notice pleading into the Illinois state court practice of fact pleading.

This Court will not waste its own resources by an in-detail rejection of defense counsel's contentions. Just an instance or two will suffice.

---

[1] As stated later, what is said here involves no factual determinations, but rather accepts Barajas' allegations as Rule 12(b)(6) requires.

For example, look at how absurd it is to cavil at Barajas' failure to allege what the defendant officers knew (defendants' Motion at 6), when that information is peculiarly within the ken of the officers and not of Barajas. And that is equally true as to the existence or nonexistence of probable cause.

As another example, defendants' Motion at 11-13 discusses at some length the Illinois Tort Immunity Act and supporting state law decisions on the presumption that the reference by Barajas' lawyer to punitive damages as part of the overall request for relief in Complaint ¶38 is intended to target the state law claims as well as those advanced under Section 1983. That contention, made as though defense counsel can read the mind of Barajas' counsel, finds its proper place in an answer to that paragraph of the Complaint and not a needless motion.

In more general terms, and to make clear what is <u>not</u> being said here, it is of course true that simply reading the Complaint does not convey all of the factual detail that will ultimately form the basis for resolving this lawsuit. But defense counsel have not been sufficiently mindful of Rule 8(a)(2)'s prescription that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," coupled with the expectation that it is the function of the discovery process to fill in the interstices.

This Court should not of course be misunderstood as

2

endorsing Barajas' allegations or his contentions as gospel. That after all is not the function of Rule 12(b)(6) analysis, which calls for crediting a plaintiff's allegations. If, as and when further development of the case may call for curbing Barajas' contentions, this Court is prepared to take a fresh look at matters. But in the meantime defendants' motion is denied, and they are ordered to answer the Complaint on or before April 29, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 17, 2013